Requestor: David L. Turnbull, Esq., Deputy County Attorney County of Chautauqua Gerace Office Building 3 North Erie Street Mayville, N Y 14757-1007
Written by: Siobhan Crary, Assistant Attorney General
You have asked whether a county government that implements an enhanced 911 emergency telephone system and collects a surcharge as authorized by Article 6 of the County Law must establish and operate at least one Public Service Answering Point itself or whether the county may purchase the equipment and turn over actual operation of the system to towns, villages or police agencies within the county. You also ask whether a county that does not provide 911 answering service itself may continue to collect the statutory surcharge.
Article 6 of the County Law was added in 1989. The Legislature recognized that the enhanced emergency telephone system known as E911
 "provides substantial benefits beyond basic 911 systems through the provision of selective routing and automatic number and location identification and that these enhancements not only significantly reduce the response time of emergency services but also represent the state of the art in fail-safe emergency telephone system technology".
The Legislature enacted Article 6 to provide counties with a funding mechanism to assist them in paying the costs of an E911 system. The statute's aim was to increase the potential for providing E911 service to all citizens of the State.
Article 6 permits municipalities wishing to establish E911 services to impose a surcharge on the billings of telephone customers within the county. County Law § 303. "Municipality" is defined to mean any county except a county wholly contained within a city and any city with a population of more than one million persons. Id., § 301(1). Surcharge revenues may be used only for "system costs", which means the costs associated with obtaining and maintaining the necessary telecommunications equipment and the telephone service costs required to establish and maintain the E911 system. Id., §§ 301, 307. Section 308(4) states that costs
 "incurred for personnel needed to operate an E911 system, including training and compensation thereof, the housing of system equipment and related costs and all other costs not included within the definition of `system costs' shall be a municipality expense".
The statute also provides that, when a county has established an E911 system, at least one public service answering point serving the county
shall be operated on a twenty-four hour basis. Id., § 308(1).
The statute does not expressly address the questions you raise. However, it appears that the Legislature intended that counties that implement an E911 system and impose a surcharge to fund part of the cost would retain responsibility for funding and operating the system. The sponsor's memorandum in support of the bill establishing Article 6 states that the surcharge would cover some expenses of the system and that "[c]ounties, in turn, would foot their share of these costs by providing the radios, housing and personnel needed to complete the system". See, Memorandum in Support of S3904-a by Senator Present.
We also note that the State Comptroller has concluded that a county is not authorized to impose the surcharge on a part-county basis in order to finance the implementation of E911 service in a portion of the county. The Comptroller based this conclusion, in part, upon the fact that the personnel costs associated with operating an E911 system are expressly made a county-wide expense by the statute. Op St Compt No. 92-36.
In our view, the statute clearly evinces the intent to establish a funding mechanism to support an E911 service that would coordinate the activities of public safety agencies throughout the county and not merely to upgrade E911 service in individual municipalities within the county. The transfer by a county of responsibility for operating the E911 system to towns, villages or police agencies within the county, would be contrary to this legislative intent. E911 is designed to coordinate emergency response in the county without regard for municipal boundaries. Such a centralized system helps to ensure the availability of needed assistance.
We conclude that a county may not collect a surcharge authorized by Article 6 of the County Law to fund E911 service and then turn over responsibility for operation of the service to towns, villages or police agencies in the county. Accordingly, a county that delegated operation of E911 service to another municipality or agency would not be entitled to continue collecting the surcharge.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.